WOODARD *et al.* v. STROSNIDER, *Co. Superintendent, et al.*

No. 1313.   Opinion Filed June 25, 1912.

(124 Pac. 967.)

**SCHOOLS AND SCHOOL DISTRICTS—Formation of School Districts— Appeal.** Article 6, c. 45, p. 245, Sess. Laws 1895, being section 8080, Comp. Laws 1909, was not superseded or repealed by section 1 of article 5, c. 34, p. 271, Sess. Laws 1910, and appeal by persons aggrieved by the formation or alteration of school districts lying partly in two or more counties lies to the State Superintendent of Public Instruction and not to the board of county commissioners of either of the counties in which any portion of the said districts may be located.

(Syllabus by the Court.)

*Error from District Court, Pawnee County;*
*L. M. Poe, Judge.*

Action by S. M. Woodard and others against John Strosnider, County Superintendent, and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Eagleton, Biddison & Merritt,* for plaintiffs in error.

*E. M. Clark,* for defendants in error.

DUNN, J.  This case presents error from the district court of Pawnee county. The controversy grows out of action on the part of the county superintendents of public instruction of Pawnee and Tulsa counties, wherein they acted jointly in the formation of a school district out of contiguous territory lying in the two counties, action being taken under section 8080, Comp. Laws 1909, which reads as follows:

"When it shall become necessary to form a school district lying partly in two or more counties the county superintendents of the counties in which the said tract of country shall be situated when application shall be made in writing to any one of them by five household residents therein, shall, if by them deemed necessary, meet and proceed to lay off and form the same into a school district, issue notices for the first district meeting, and shall file the proper papers in their respective offices and such dis-

trict so organized shall be designated joint district No. ————,
counties of ————, and the boundaries of such district shall not
be altered except by the joint action of the superintendents of
the several counties represented in said district: Provided, that
if in the alteration of or refusal to alter the boundaries of any
joint school district, any person or persons shall feel aggrieved,
such person or persons may appeal to the State Superintendent
of Public Instruction, and notice of such appeal shall be served
on the superintendents of the several counties represented in
said district within ten days after the rendition by them of the de-
cision appealed from, which notice shall be in writing and shall
state fully the objections to the actions of the county superin-
tendents, and a copy thereof shall be filed with the State Super-
intendent of Public Instruction; and it shall be the duty of the
county superintendents in whose possession are the papers con-
nected with the action appealed from, to transmit the same to the
State Superintendent of Public Instruction immediately upon be-
ing served with notice of appeal as hereinbefore provided, and
thereupon the State Superintendent of Public Instruction shall fix
a time for the hearing of said appeal and notify the several coun-
ty superintendents interested, and they shall take action in accord-
ance therewith. And provided further, that each joint district,
except in matters relating to the alteration of the boundaries
thereof shall be under the jurisdiction and control of the super-
intendent of that county represented in such district having the
largest amount of territory embraced within the boundaries of
such joint district."

From the action of the said superintendents, certain inter-
ested persons, feeling themselves aggrieved, attempted to appeal
to the board of county commissioners of Pawnee county, which
acting upon the matter sustained the action of the county super-
intendents, and assumed to complete the organization of the new
joint school district. From this action the plaintiffs instituted
an injunction proceeding in the district court. The prayer to
the petition filed herein is that the order made by the board of
county commissioners be reversed and vacated, and that the said
board and the county superintendent be enjoined pending a hear-
ing of the cause from any further proceeding toward carrying
out the decision rendered by the board of commissioners, and
that they be perpetually enjoined from proceeding to alter the
boundaries of the school district involved. To this petition a

demurrer was filed, including a demand that the proceeding abate at the cost of plaintiff. On a hearing duly had the judge of the district court adjudged that the board of county commissioners of Pawnee county was without jurisdiction to hear the appeal from the county superintendent, and that the petition did not state a cause of action in favor of plaintiffs and against defendants, dismissed the petition, and rendered judgment in favor of defendants and for their costs. From this action appeal has been prosecuted to this court on a transcript of the record.

Reliance for success of the appeal prosecuted in this court is based on the contention that section 1 of article 6, c. 45, p. 245, Sess. Laws 1895 (section 8080, Comp. Laws 1909), was superseded or repealed by section 1 of art. 5, c. 34, p. 271, Sess. Laws 1897 (sec. 7975, Comp. Laws 1909), and its successor (chapter 107, p. 202, Sess. Laws 1910), and that appeal from the action of county superintendents in the formation of joint school districts lies to the board of county commissioners of the county wherein the school district is situated, and not to the State Superintendent of Public Instruction, as provided by section 8080, *supra*. In our judgment this contention cannot be sustained, for the reason that the acts are not inconsistent with each other, but were manifestly passed for different purposes. The original act, section 8080, *supra*, is entitled, "An act to provide for the formation of school districts situated in two or more counties"; while the acts which it is contended superseded or repealed it provide for the duties of a county superintendent in dividing his county into a convenient number of school districts and in changing the same when the interests of the people require it. The purposes of the two acts were entirely different and the procedure provided for by the Legislature for review of the action of the county superintendents, who had jurisdiction, was exclusive. Section 2 of article 1, c. 33, p. 359, Sess. Laws 1905, which provides for the consolidation of school districts, provides that "in the formation of consolidated districts comprising territory lying in more than one county, the county superintendents of said counties shall act together in the same manner as provided by law in the formation and control of joint districts." This court had occasion in the

case of *Felkner v. Winningham et al., ante,* 122 Pac. 534, to pass upon this question, and said:

"From the action of the county superintendents acting jointly, section 8080, Comp. Laws of Oklahoma 1909, provides that an appeal may be had to the State Superintendent of Public Instruction, and that notice of said appeal shall be served on the county superintendents of the several counties represented in said district within ten days after the rendition by them of the decision appealed from, which notice shall be in writing, and shall state fully the objections to the actions of the county superintendents, etc. It follows that an appeal from the action declaring these three districts, one of which lies in Washita county, and the other two in Beckham county, consolidated, did not lie to the board of county commissioners, and that said board had no jurisdiction to entertain said appeal."

From the foregoing it follows that the judgment of the trial court must be affirmed.

TURNER, C. J., and HAYES, WILLIAMS, and KANE, JJ., concur.