## OKLAHOMA RY. CO. v. ST. JOSEPH'S PAROCHIAL SCHOOL, *et al.*

No. 3921.   Opinion Filed November 12, 1912.

(127 Pac. 1087.)

**CARRIERS** — Street Railroads — Fares of School Children — "Public Schools." The Corporation Commission ordered: "That the defendant (appellant), the Oklahoma Railway Company, furnish to children under the age of fifteen years, going to or from St. Joseph's Parochial School, as pupils therein, tickets at the rate of two and one-half cents each in quantities of twenty tickets at one time. Such tickets to be used only in going to and returning from said school, to be honored for continuous passage and transfer on connecting lines over any other tracks of said defendant within the corporate limits of Oklahoma City. That such book of tickets shall not be limited to use on any particular day, but may be used any day on which the school may be in session." Section 7 of the ordinance granting the franchise under which the appellant operates its line of street railway provides: "Tickets for the use of school children shall be furnished good for one continuous passage, in quantities of not less than twenty rides at the rate of two and one-half cents each, under any reasonable regulations which the company may impose to prevent the abuse of such privilege or the use of such tickets by others than children under fifteen years of age in actual attendance on the public schools of said city." **Held,** that "public schools of said city" include the public schools of said city whether maintained by the public by taxation or by private agencies for the public by private benevolence.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Proceedings by St. Joseph's Parochial School and others against the Oklahoma Railway Company to enforce an order of the Corporation Commission requiring the railway company to issue tickets in quantities of twenty or more at one time to school children at the rate of two and one-half cents. a fare, good for transportation of such children at particular hours. Decree for plaintiffs, and defendant appeals. Affirmed.

*Asp, Snyder, Owen & Lybrand,* for appellant.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for appellees.

WILLIAMS, J. On September 25, 1911, St. Joseph's Parochial School, by its agents, filed complaint against the appellant before the Corporation Commission asking that the appellant be required to carry school children, under the age of fifteen years, to its school at the rate of two and one-half cents each fare. After a hearing, the Corporation Commission made the following order:

"It is therefore ordered that the defendant, the Oklahoma Railway Company, furnish to children under the age of fifteen years, going to or from St. Joseph's Parochial School, as pupils therein, tickets at the rate of two and one-half cents each in quantities of twenty tickets at one time. Such tickets to be used only in going to and returning from said school, to be honored for continuous passage and transfer on connecting lines over any other tracks of said defendant within the corporate limits of Oklahoma City. That such book of tickets shall not be limited to use on any particular day, but may be used any day on which the school may be in session."

Section 7 of the ordinance granting the franchise under which the appellant operates its line of street railway provides as follows:

"Tickets for the use of school children shall be furnished good for one continuous passage, in quantities of not less than twenty rides at the rate of two and one-half cents each, under any reasonable regulations which the company may impose to prevent the abuse of such privilege or the use of such tickets by others than children under fifteen years of age in actual attendance on the public schools of said city. United States mail carriers, policemen, and members of the fire department, while

in the discharge of their duties, shall be carried free. Children under five years of age when accompanied by parents or guardians shall be carried free."

Said section also provides:

"The charges for transporting passengers to be exacted by said railway company shall not exceed the sum of five cents for one continuous passage over the said company's lines from points within the city limits to any other point in such city; such limit in price shall not prevent the exaction of an additional fare for return journeys, nor shall transfer slips be good for stop-over privileges."

This section was ratified by the Legislature of the territory of Oklahoma by act of March 16, 1903. Sess. Laws of 1903, p. 141; *Oklahoma Railway Co. v. Powell et al., ante,* 127 Pac. 1080.

Section 18, art. 9, of the Constitution, provides:

"The commission shall have the power and authority and be charged with the duty of supervising, regulating, and controlling all transportation and transmission companies doing business in this state, in all matters relating to the performance of their public duties and their charges therefor, and of correcting abuses and preventing unjust discrimination and extortion by such companies; and to that end the commission shall, from time to time, prescribe and enforce against such companies, in the manner hereinafter authorized, such rates, charges, classifications of traffic, and rules and regulations, and shall require them to establish and maintain all such public service, facilities, and conveniences as may be reasonable and just, which said rates, charges, classifications, rules, regulations, and requirements, the commission may, from time to time, alter or amend. All rates, charges, classifications, rules and regulations adopted, or acted upon, by any such company, inconsistent with those prescribed by the commission, within the scope of its authority, shall be unlawful and void."

The appellant is a transmission company. Section 24, art. 9, Const.; section 252, Williams' Ann. Const. Okla. That the commission has jurisdiction to prescribe rules and regulations to be observed by the appellant is settled by *Oklahoma Railway Co. v. Powell et al., ante,* 127 Pac. 1080. Under appellant's franchise, in the performance of its public duty and its charges therefor, it must furnish tickets for the use of school children.

The free public school system, which the Legislature of this state was directed to establish by section 1 of article 13 of the Constitution, is a matter of state concern and not a municipal affair. *Olson, County Clerk, v. Logan County Bank,* 29 Okla. 391, 118 Pac. 572; *Board of Education of the City of Ardmore v. State,* 26 Okla. 366, 109 Pac. 563. Prior to the erection of the state, the public schools were of general territorial concern. They were agencies of the territory doing the work of the territory. *School Dist. No. 17 v. Zediker,* 4 Okla. 599, 47 Pac. 482. To say that the state is hostile to all schools except the public schools of the state or those carried on in state institutions is not borne out by the record. True, section 5 of article 2 of the Constitution prohibits money or property being appropriated, applied, donated, or used, directly or indirectly, for the use, benefit, or support of any sect, church, denomination, or system of religion, or for the use, benefit, or support of any priest, preacher, minister, or other religious teacher or dignitary, or sectarian institution as such (*Connell et al. v. Gray, ante,* 127 Pac. 417), and section 5 of article 1 also provides that provisions shall be made for the establishment and maintenance of a system of public schools, which shall be open to all the children of the state and free from sectarian control; but section 4 of article 13 provides:

"The Legislature shall provide for the compulsory attendance at some public school or other school, unless other means of education are provided, of all the children in the state who are sound in mind and body, between the ages of eight and sixteen years, for at least three months in each year."

In said section 4 the makers of the Constitution recognized that parents might prefer their children to attend sectarian, denominational, or private schools rather than the public schools maintained by the state, and such is permitted. It is beyond the power of the legislative agencies of this state, under our Constitution, to require a parent to send his child to the public school if he affords him reasonable educational facilities at a sectarian, denominational, or private school. The city of Oklahoma City, as a municipality, had no schools.

A franchise of whatever kind, being against common right, must be strictly construed. Such franchises grant away to pri-

vate persons or corporations property or rights in which the whole public is interested. Such grant cannot be presumed, and can only be established when the same is unequivocally expressed or is necessarily implied by the terms of the granting act. The grant is made at the solicitation of the grantee, supposed to be drawn up by him or his agents. The words used, therefore, should be treated as those of the grantee and be construed most strongly against him. This rule of construction is a salutary safeguard of the interest of the public against any attempt of the grantee, by the insertion of ambiguous language, to take what could not be obtained in express and plain terms. *Minneapolis v. Street Railway Co.,* 215 U. S. 417, 30 Sup. Ct. 118, 54 L. Ed. 259; 3 Thompson on Corporations (2d Ed.) sec. 2874, and authorities cited.

In the ordinance or grant under consideration, the half-fare tickets were to be furnished for the use of school children. The council of Oklahoma City in adopting this ordinance, which was afterwards ratified by the Legislature of the territory, were acting as agents of the people of the municipality. In attempting to grant away certain privileges or rights, they exacted certain obligations from the grantee, and that was that school children should be furnished tickets for their use in quantities of not less than twenty rides at the rate of two and one-half cents each, under any reasonable regulations which the company might impose to prevent the abuse of such privilege or the use of such tickets by others than children under fifteen years of age in actual attendance on the public schools of said city. The object in view was to facilitate the education of the children of the city. Is it to be assumed that the mayor and council of said city would enter into a contract with the grantee which could not be impaired in certain respects to extend over a long period of years— it may be in perpetuity—by which children of a certain age should be transported to the public schools maintained by public taxation at half price when other children, going to schools that were maintained by private agencies by private benevolence for the benefit of the public, should pay full fare? Such discrimination in making the contract is not to be presumed. A fair interpreta-

tion of this contract leads to the conclusion that it covers children under the age of fifteen years attending schools in Oklahoma City, whether maintained by the public by taxation or by private agencies for the public by private benevolence.

The order of the commission was entered upon the theory that it had authority to regulate the rates to be charged by the appellant. The commission has no such power when it has the effect of impairing the franchise contract as ratified by the Legislature of Oklahoma territory. That question is unequivocally settled by the Supreme Court of the United States in *Minneapolis v. Minneapolis Street Railway Co.*, 215 U. S. 417, 30 Sup. Ct. 118, 54 L. Ed. 259. An order on appeal from said commission will not be vacated if the record shows proper ground to sustain same, though the commission, in entering same, gives a ground therefor not tenable under the law. *Hancock v. Youree et al.*, 25 Okla. 460, 106 Pac. 841.

It follows that the order will be affirmed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.