**STATE ex rel. v. ROSS.**

No. 10779.  Opinion Filed September 16, 1919.

(Syllabus by the Court.)

**1. Mandamus—Jurisdiction of Supreme Court—When Exercised.**

The power of the Supreme Court to grant mandamus and to hear and determine the same as authorized by sec. 2, art. 7, Constitution, will be exercised only when the questions involved are publici juris, or when some unusual situation exists, whereby not to entertain jurisdiction would work a great wrong or result in a practical denial of justice.

**2. Same—School Officers—Jurisdiction of Supreme Court.**

Where an action in mandamus has been brought by the state on the relation of the Attorney General against a county superintendent of public instruction in the district court having jurisdiction to compel the performance of a ministerial duty arising under sec. 2, art. 7, chap. 219, Session Laws 1913, and such court erroneously holds that the parties have a remedy at law by appeal and refuses to entertain jurisdiction, and the effect thereof, if an appeal there from were prosecuted to this court, would, in the ordinary course of the law, be to work great delay in the opening of the public schools of the affected districts, the Supreme Court will entertain and exercise its original jurisdiction by mandamus so as to prevent a denial of justice.

**3. Schools and School Districts—Consolidation—Duty of Superintendent.**

The duties imposed upon a county superintendent by sec. 2, art. 7, chap. 219, Session Laws 1913, in respect to declaring school districts disorganized and a consolidated district composed thereof organized, involve the exercise of no discretion on the part of such superintendent, but are purely ministerial in their character, and their performance may be enforced by mandamus brought in the Supreme Court, in proper cases.

**4. Same—Appeal to State Superintendent.**

Sec. 2, art. 4, chap. 219, Session Laws 1913, providing that "in the alteration of or refusal to alter, the boundaries of any joint school district," any person or persons aggrieved thereby may appeal to the state superintendent of public instruction, affords no remedy to the officers or school patrons of a consolidated school district organized under the provisions of art. 7, chap. 219, where the county superintendent of public instruction refuses or neglects to perform the duties enjoined upon him by sec. 2 of the act, governing the formation of consolidated school districts, whether such consolidated district be comprised of territory located in one or more than one county.

**5. Mandamus—Schools—Sufficiency of Petition.**

Petition examined, and held sufficient to state a cause of action entitling the relator to a peremptory writ of mandamus.

**6. Same—Answer—Sufficiency.**

In a mandamus proceeding begun against a county superintendent to compel the performance of the duties of his office, an answer that "defendant is not in a position to admit or deny the material allegations therein contained, and therefore asks that plaintiff be required to make proof thereof," does not traverse or deny the facts alleged in the relator's petition, and, in effect, is an admission of such allegations.

**7. Pleading—Answer—Sufficiency.**

An answer which confines itself to denying, in the same words, an allegation of the petition, and does not attempt to deny its substance and spirit, admits the material averments of the petition and only raises an immaterial issue.

Original application for mandamus by the State of Oklahoma on the relation of S. P. Freeling, Attorney General, against Mrs. A. K. Ross, respondent. Peremptory writ granted.

S. P. Freeling, Attorney General, R. E. Wood, Assistant Attorney General, for relator.

Adams & Wills, Harris & Howard, of counsel; Mack R. Shanks, County Attorney, D. M. Battenfield, Assistant County Attorney, and H. Tom Kight, for respondent.

SHARP, J. The proceedings in this case grow out of the efforts of the electors of School District No. 28, Rogers county, and School District No. 14, Tulsa county, and a portion of School District No. 17, Tulsa county, to organize a consolidated school district, under and pursuant to the provisions of art. 7, chap. 219, Session Laws 1913. The Attorney General was permitted to file the action upon a showing made meeting the requirements of rule 15 of the Supreme Court. The facts will sufficiently appear from a consideration of the several propositions involved.

It is first contended that the question involved and necessary to a determination of the case is not publici juris, hence this

court is without jurisdiction. Counsel cite in support of their contention the case of State ex rel. Freeling v. Lyon, 63 Oklahoma, 165 Pac. 419. In that case the court held that the refusal of the Secretary of State to deliver commissions to notaries public throughout the state to persons appointed by the Governor was publici juris, and accordingly entertained jurisdiction of an action brought by the state on the relation of the Attorney General directing the Secretary to deliver the commissions. The question of original jurisdiction of this court to issue writs of mandamus and other prerogative writs, independent of the jurisdiction to exercise a general superintending control over all inferior courts and all commissions and boards created by law, has heretofore been considered in the cases of The Homesteaders v. McCombs, 24 Okla. 201, 103 Pac. 691, 38 L. R. A. (N S.) 1000, 20 A. & E. Ann. Cas. 181; State ex rel. West v. Cobb, 24 Okla. 662, 104 Pac. 361, 24 L. R. A. (N. S.) 639; Montgomery v. State Election Board, 27 Okla. 324, 111 Pac. 447; Smith v. Hall, 28 Okla. 435, 114 Pac. 608; State ex rel. Freeling v. McCullough, 67 Oklahoma, 168 Pac. 413. In the Homesteaders case jurisdiction was denied on the ground that the question involved was not publici juris. In the Cobb case it was held that the question of removal of a county judge for misconduct and malfeasance in office presented such a situation as authorized the court in assuming jurisdiction. The action was, however, dismissed on other grounds. In the Montgomery case jurisdiction was denied on authority of the rule announced in the Homesteaders case. Smith v. Hall was a quo warranto proceeding brought by relator who was contesting the right of respondent to the office of county judge of Delaware county. No showing was made that the relief demanded could not be secured by an action in the district court and the case was dismissed on the authority of the opinion in the Homesteaders case. State ex rel. Freeling v. McCullough was dismissed for the failure of the Attorney General to observe rule 15 (47 Okla. viii, 165 Pac. viii) of this court.

We shall not undertake to enter upon a general discussion of the authorities defining the limitations of courts of last resort, in states having organic provisions similar to sec. 2, art. 7, of our Constitution, or to attempt to reconcile the apparent divergence of views upon the question of jurisdiction, for the reason that it seems to be very generally and wisely held, that upon sufficient showing the court should exercise original jurisdiction in cases involving an unusual situation, or where to decline to entertain jurisdiction would work a great wrong or result in a practical denial of justice. Such a case we think is presented by the record at hand. In the first place, the case is brought by the state on the relation of the Attorney General, who, among other allegations, charges that School District No. 28 of Rogers county, and School District No. 14, of Tulsa county, and a portion of School District No. 17 of Tulsa county, on account of the action of the respondent, are now in a disorganized condition; that the time for the officers of the school districts, whether separately or as a consolidated district, in which to make up their estimates of revenues and expenses for the coming year is at hand; that the school districts, either separately or as a consolidated district, will require the services of a large number of teachers, and that it is necessary for this court to determine the matters herein submitted not only in order that such district or districts may know their legal status, but that those who may contract with them, either as teachers or who may furnish supplies, may know and be advised as to the legal status of such district or districts; that in order for school or schools to be conducted therein for the coming school year such contracts will have to be expressly made and entered into, and if a decision of this case upon its merits shall be delayed for any considerable time, it will deprive several hundred children of school age, residing within the territory contained within such school districts, of the rights, privileges and benefits of attending such schools for the period during which such litigation is pending. Also it is made to appear that until a final decision is reached, it cannot be known who has the power to make the necessary estimates to the excise board upon which to procure a levy of taxes upon which to conduct a school in the affected territory. Furthermore, it is made known to the court that on the 7th day of July, 1919, an original application for mandamus was presented to the district court of Rogers county, and denied on the grounds "that the plaintiffs in said application had an adequate remedy at law by appeal." That if an appeal were taken from the action of the district court to this court in that case, considerable time would elapse before a decision could be reached and the court could then only determine the question of the trial court's action in refusing to entertain jurisdiction; that in the event of a reversal of such judgment, the cause would be remanded to the district court of Rogers county, "and that before a final

determination of said matter could be had, many months would probably elapse."

It is in this class of cases that the Supreme Court should and will entertain original jurisdiction. The newly elected officers of the consolidated district, the school patrons, and the Attorney General of the state have with commendable zeal exercised every power at their command to speedily end the controversy into which the district has become involved by the conduct of the respondent. The Constitution, by sec. 1, art. 13, provides that the Legislature shall establish and maintain a system of free public schools wherein all the children of the state may be educated. In a sense at least the question involved is publici juris, though the interest of the state at large may not be directly involved, its sovereignty violated, or the liberty of its citizens menaced. The public schools of the state are a matter of general state concern, as distinguished from a purely local or municipal affair. Board of Education v. Best, 26 Okla. 366, 109 Pac. 563; Oklahoma Ry. Co. v. St. Joseph Parochial School, 33 Okla. 755, 127 Pac. 1087; Thurston v. Caldwell, 40 Okla. 206, 137 Pac. 683; State ex rel. Friend v. Cummings, 47 Okla. 44, 147 Pac. 161. When organized, the public school districts of whatever kind are agencies of the state (School District No. 17 v. Zediker, 4 Okla. 599, 47 Pac. 482; Oklahoma Ry. Co. v. St. Joseph Parochial School, supra), prepared for and intended to discharge an important and imperative governmental duty not only in the matter of education and the economic efficiency attendant thereon, but in a knowledge of our institutions, thereby tending to inculcate in the youthful mind a love of country and a respect for law and good government. There is no more sacred governmental duty than that arising out of our free public school system. Indeed, the very future of the republic may be rested very largely on the education of the youth of the land. This beneficent work cannot go on in an orderly fashion and as intended if here and there obstreperous individuals, who, for the time, occupy positions of trust in the work of education, are permitted to nullify the law and bring about a condition whereby the school children of a community or communities are, for any considerable length of time, deprived of the opportunity of gaining an education.

That the court should in exceptional cases entertain original jurisdiction, and that such was in the mind of the court in the preparation of the Homesteaders case, appears clear from the authorities cited, particularly the cases of: Attorney General

v. Eau Claire, 37 Wis. 443; State ex rel. Wood v. Baker, 38 Wis. 71; State ex rel. McIlhany v. Stewart, 32 Mo. 382; Wheeler v. Northern Colorado Irrigation Co., 9 Colo. 248, 251, 11 Pac. 103; People ex rel Kindel v. Clerk of District Court, 22 Colo. 282, 44 Pac. 507; State ex rel. Steele v. Fabrick, 17 N. D. 532, 117 N. W. 860. A petition by the people on the relation of a school district against the board of county commissioners for a mandamus to compel them to levy a tax was held to be a proceeding in which the Supreme Court of Colorado would take original jurisdiction (People v. Lake County, 12 Colo. 89, 19 Pac. 892); while in People v. Montez, 48 Colo. 436, 110 Pac. 639, it was held that the Supreme Court would take original jurisdiction of a mandamus proceeding brought by the people on the relation of the Public Examiner of the state to compel a county clerk and recorder to permit the relator to examine the records, books and files of the respondent's office. In State v. Doyle, 40 Wis. 175, 22 Am. Rep. 692, the court took original jurisdiction of an application for a writ of mandamus against the Secretary of State to compel him to revoke the license of an insurance company to do business within the state because it had broken the conditions under which it received its license. In State v. Goff, 129 Wis. 668, 109 N. W. 628, 9 L. R. A. (N. S.) 916, it was held that the court would take original jurisdiction of the construction of the primary law and the duties of executive officers thereunder because the decision of such question was necessarily of general importance to the state, even though the case in which it arose affected directly only the rights of a local officer; and especially because an authoritative decision in such cases could only be reached through the exercise of the appellate jurisdiction, on account of the shortness of the time between the primary election and the general election when the question must be tested, if tested at all. In State v. Woodbury, 74 Kan. 877, 87 Pac. 701, it was held to be a sufficient reason for not applying to the district court for a writ of mandamus that that court had in a similar suit denied the writ. In Hitchcock v. Taylor, 99 Mich. 128, 57 N. W. 1097, it was held that the fact that the circuit judge before taking his seat upon the bench had been one of the attorneys to the controversy, afforded sufficient reason for applying to the Supreme Court for the writ in the first instance. In Johnson v. Reichert, 77 Cal. 34, 18 Pac. 858, it was held that the showing made was sufficient to authorize the court in entertaining original jurisdiction. See, also, State ex rel.

Burns v. Linn, 49 Okla. 526, 153 Pac. 826. The use of the writ of mandamus, as defined by Lord Mansfield in Rex v. Barker, 3 Bun. 1265, was "to prevent disorder from a failure of justice and defect of police. Therefore it ought to be used on all occasions where the law has established no specific remedy, and where, in justice and good government, there ought to be one." The same principles are declared by Lord Ellenborough in Rex v. Archbishop of Canterbury, 8 East. 219. Considering, therefore, the nature of the writ and the situation before the court, it is very clear that jurisdiction should be entertained, otherwise a great wrong and injustice will be done, for which those affected will have no adequate remedy.

Has the plaintiff a plain, speedy and adequate remedy at law by appeal to the State Superintendent of Public Instruction? Counsel having seemingly overlooked the fact that the present action is one prosecuted by the state on the relation of the Attorney General, and not by the electors, taxpayers and public school patrons of the consolidated school district, though brought at their instance. No statute has been called to our attention, and we know of none, whereby the state may appeal in matters affecting the organization of consolidated school districts. The statute relied upon by counsel (sec. 2, art. 4, chap. 219, Session Laws 1913) provides only for an appeal by "any person or persons (who) shall feel aggrieved." But this statute involves only the organization of joint districts, which we understand are nothing more nor less than ordinary school districts lying partly in two or more counties. In the formation of such districts no election is held, the statute requiring only that "when application shall be made in writing to any one of them (superintendents) by five householder residents therein," the county superintendents of the respective counties shall, if by them deemed necessary, meet and proceed to lay off and form a joint school district. If, in the alteration of, or refusal to alter, the boundaries of any joint district, any person or persons shall feel aggrieved, such person or persons may appeal to the State Superintendent of Public Instruction within ten days after the rendition by them of the decision appealed from. The instant case presents no such situation, but instead involves the organization of a consolidated school district. In order to organize such a school district, whether composed of territory in one or more counties, an election must be held, as provided for in art. 7, chap. 219, Session Laws 1913, section 1 of

which was amended by the act of February 14, 1917 (Session Laws 1917, pp. 473, 474). This is the statute under which the parties proceeded, and the only statute governing the formation of a consolidated school district. While it is true that both joint school districts and consolidated school districts may include territory situated in two or more counties, the mere fact that there is this common provision in the statute affords no sound reason for concluding that because the statute authorizing the formation by the county superintendents of joint school districts provides for an appeal therefrom, that the same right of appeal is given from the action of the electorate in the formation of consolidated school districts. It is true that sec. 8, art. 7, provides generally that in all matters relating to consolidated districts not provided for in paragraphs 1 to 7 thereof the law relating to school districts shall be enforced where said laws are applicable. But even were we to read the words, "school districts" in said section to include the laws governing the formation of joint school districts, and the right of persons affected thereby, still we cannot conclude that it was intended thereby to give the right of appeal to the State Superintendent of Public Instruction and thereby confer on such officer the power to set at naught the result of an election. It is proper that some form of review of the action of the county superintendent or superintendents in the formation of a joint school district should lie. But it would be a most unusual statute that would vest authority in the State Superintendent to pass upon and determine the validity of proceedings had for the formation of consolidated school districts. The right to appeal is very properly given in the one case, while in the other, the statute not being applicable, the right will not be extended by construction. We are aware that these views are to some extent in conflict with Felkner v. Winningham, 33 Okla. 204, 122 Pac. 534, where it was said that under a somewhat similar statute an appeal from the action of the county superintendent to the State Superintendent of Public Instruction would lie. In that case an appeal was taken from an order of the county superintendent disorganizing a constituent school district, to the board of county commissioners. On the hearing the board of county commissioners dismissed the appeal on the ground that they were without jurisdiction in the premises. Mandamus proceedings were instituted in the district court to require the commissioners to hear and determine the appeal. Also suit was brought

and a temporary injunction granted restraining the directors of the proposed consolidated district from performing any official act until the determination of the mandamus proceedings. Afterward the injunction was dissolved, and an appeal prosecuted to this court, where the judgment of the trial court was affirmed. It was unnecessary to a decision of the case to point out the remedy of the aggrieved persons, and we think in doing so the court labored under a mistaken view of the law. In so far, therefore, as the opinions in that case, and in the case of Woodard v. Strosnider, 33 Okla. 277, 124 Pac. 967, are in conflict with the views herein expressed, they are overruled.

Proceedings begun and which result in the formation of. a consolidated school district in no manner involve the alteration of, or the refusal to alter the boundaries of a joint school district; and it is only from such act that an appeal is provided for. Again, the appeal provided for in the section named is one given to aggrieved persons, and is prosecuted from the "decision" of the county superintendent. It is not shown, and in the face of their action in this court it will not be presumed, that either of the officers of the consolidated school district, elected at the time of the election held to organize the consolidated district, or the other electors and taxpayers at whose instance the present action was begun, were "aggrieved persons." They are not complaining, and have not complained, of anything that was done in the formation of the district, but, instead, are grievously complaining of the failure of the respondent, as county superintendent of Rogers county, to perform a plain ministerial duty. This much, in effect, was held in Felkner v. Winningham; while by sec. 2, art. 7, it is required that upon receipt of the report of the clerk of the special meeting, by the county superintendent, such superintendent shall declare the constituent school districts disorganized and the consolidated school districts organized. Where the consolidated district comprises territory lying in more than one county, the county superintendents of the several counties shall act together in doing the things necessary to the formation of the consolidated district. This duty, when. as here, the requirements of the statute have been met, is mandatory. and may be enforced by mandamus. Public officers, such as county superintendents, are charged with the performance of the statutory duties pertaining to their office—not according to their own whims or predelictions, or when it may suit their notions, but as ordained in the statutes and laws of the state. Old as is this rule, and though universally pronounced by the courts, frequent occasions are afforded for its exercise. The law governing the rights of the parties is the same as is that recently announced in the case of Rasure, County Superintendent, v. Sparks et al., 75 Oklahoma, 183 Pac. 495.

The third and fourth points urged in the brief of the respondent may be considered together. The first is that the petition does not state facts sufficient to constitute a cause of action; the other, that the answer contains a defense to relator's cause of action. The first contention is wholly without merit, as the petition clearly makes out a case entitling the state to a peremptory writ of mandamus. The allegations of the petition stand substantially admitted. Paragraphs 1, 2, 3, 4, 6, 7, 8, 10, 11 and 12 of relator's petition are admitted by the failure properly to put them in issue. The answer to paragraph 5 of relator's petition is in form a negative pregnant, and therefore the averments of that paragraph stand admitted. Paragraph 9 is in effect an admission that the report of the secretary of the meeting, duly signed by such secretary, was by him presented to respondent. The paragraphs of the petition other than 5 and 9 all substantially charge that as to such paragraphs "defendant is not in a position to either admit or deny the material allegations therein contained, and therefore asks that plaintiff be required to make proof thereof." Section 4745, Revised Laws, by the first subdivision thereof, provides that an answer shall contain "a general or specific denial of each material allegation of the petition controverted by the defendant," while section 4779 declares that "every material allegation of the petition not controverted by the answer * * * shall, for the purposes of the action, be taken as true."

The answer does not even contain an averment that the respondent is without knowledge or information thereof sufficient to form a belief, or a denial in any form. It simply states that she is not in a position to either admit or deny the material allegations thereof and asks that relator be put upon proof thereof. This is not a sufficient denial—or indeed any denial at all—under the codes of any of the states with which we are familiar. Such an answer is a mere call for proof, and does not serve as a denial, but, by failure to deny, is an admission of the allegations of the petition. Abbott's Trial Brief, sec. 492; Bentley v. Dorcas, 11 Ohio St. 398, 408; Building Association v. Clark, 43 Ohio St.

427, 2 N. E. 846; Ryan v. Anglesea R. Co. (N. J. Ch.) 12 Atl. 539.

The remaining paragraphs of respondent's answer are not sufficient to make out a defense to the allegations of relator's petition, or, if established, to defeat or set aside the result of the election. Paragraph 13 in part is subject to the same objection as the answer to paragraph 5. It does not directly and without evasion state a defense, except by way of negative pregnant. Other issues tendered involve either immaterial averments, non-essentials or conclusions of law, and do not therefore raise an issue of fact.

No complaint is made that the county superintendent of public instruction of Tulsa county has neglected or refused to perform the duties devolving upon her in the matter of the "disorganization" of School District No. 14 of Tulsa county, and that part of School District No. 17 in Tulsa county, within the proposed consolidated school district.

It is therefore ordered that the peremptory writ of mandamus issue to the respondent, commanding and requiring her forthwith to dissolve School District No. 28 of Rogers county, and, together with the county superintendent of Tulsa county, to declare the consolidated district, composed of School District No. 28 of Rogers county and School District No. 14 and that portion of School District No. 17 of Tulsa county included within the proposed consolidated school district, duly organized, and to do any and all acts incident thereto, or necessary to a full and complete organization of such consolidated school district.

RAINEY, HARRISON, PITCHFORD, JOHNSON, and McNEILL, JJ., concur.