## KELLY et al. v. ANDERSON, Mayor.

No. 22660. Opinion Filed March 29, 1932.

Withdrawn, Corrected, and Refiled
April 5, 1932.

Blakeney & Ambrister, Harry F. Brown, and Marshall Newcomb, for plaintiffs.

Merle G. Smith, for defendant.

ANDREWS, J. This is an original proceeding in mandamus in this court in which we are asked to assume and exercise jurisdiction to direct the issuance of a writ of mandamus requiring the defendant to issue a proclamation calling a special election in the city of Guthrie for the purpose of submitting to the voters of that city the question of granting a franchise to the Guthrie Gas Service Company for its operation in that city.

The petition for such a franchise was filed with the mayor of the city. It contained signatures sufficient in number if they were valid. The defendant examined the petition and determined that it did not contain the signatures of the required number of qualified electors, and he refused to call the election.

It is necessary at this time for this court to consider only the question of whether or not it will assume and exercise original jurisdiction herein. Rule 15 of this court provides that:

"In all original actions or proceedings instituted in this court, it shall be necessary for the plaintiff or applicant for the writ, to state fully, by affidavit, the reasons why the action or proceedings is brought in this court instead of in one of the inferior courts having concurrent jurisdiction. * * *"

This court will consider facts stated in that affidavit in determining whether or not it will assume jurisdiction of the cause. We do not believe that a sufficient showing has been made as to why the action should not have been commenced in the district court of Logan county, a court having jurisdiction of this class of actions under the provisions of section 446,. C. O. S. 1921. In State ex rel. v. Ross, 76 Okla. 11, 183 P. 918, this court held:

"The power of the Supreme Court to grant mandamus and to hear and determine the same as authorized by sec. 2, art. 7, Constitution, will be exercised only when the questions involved are publici juris, or when some unusual situation exists, whereby not to entertain jurisdiction would work a great wrong or result in a practical denial of justice."

The matter of the granting of a franchise to a public utility is a matter that concerns the people of the municipality in which the franchise is sought, and that question is local or municipal in its nature. It is not the policy of this court to exercise its jurisdiction to issue writs of mandamus in matters of that kind, where there is another forum in which the relief prayed for may be obtained without manifest injury. That there will be no manifest injury is shown by the fact that the plaintiffs have appealed to this court from a decision of the district court of Logan county involving the questions sought to be determined here. That action is now pending in this court. The issue herein sought to be determined may be determined in that cause.

For the reasons expressed, the application for the writ of mandamus is denied and the action is dismissed.

LESTER, C. J., CLARK, V. C. J., and HEFNER CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.