## The Ind. Dist. of Union v. The Ind. Dist. of Cedar Rapids et al.

1. **School Districts:** BOUNDARIES: POWER OF COUNTY SUPERINTENDENT TO CHANGE. A county superintendent of schools has no authority to detach territory from one independent school district and annex it to an adjoining one, unless, by reason of streams or other natural obstacles, the inhabitants of the territory so detached cannot, with reasonable facility, enjoy the advantages of the schools in the district from which the territory is sought to be detached, nor unless the directors of the district to be deprived of the territory consent to the change.

2. ———: CHANGE OF BOUNDARY: VOID ORDER OF COUNTY SUPERINTENDENT: CURATIVE ACT OF LEGISLATURE: HOW FAR VALID. The legislature may by a curative act validate a void order of a county superintendent changing the boundaries of school districts, in a case where a general law could not be made to apply—following *State v. Squires*, 26 Iowa, 340; but such act cannot be allowed to operate to deprive a school dis-

trict, from which territory is detached by such order, of taxes which are levied and collectible before the curative act is passed; for, under the doctrine of *City of Dubuque v. Ill. Cent. R. Co.*, 39 Iowa, 56, such district has acquired in such taxes a vested right, of which it cannot constitutionally be deprived.

*Appeal from Linn District Court.*

SATURDAY, DECEMBER 15.

THE plaintiff's petition in substance alleges that certain territory, comprising four hundred and eighty acres, is included within the boundaries of plaintiff, and that, on the ninth day of April, 1881, the county superintendent of Linn county, without any power or authority, made an order detaching said territory from the plaintiff, and attaching it to the defendant; that the assessor of Rapids township, in which said lands are situated, listed and assessed said lands for taxation, for the year 1881, as lying and being situated in the Independent District of Rapids, instead of the Independent District of Union; that said Independent District of Rapids is demanding said taxes, and expects to receive them, and that the treasurer of said county, unless enjoined and restrained from so doing, will collect said taxes and pay them over to the treasurer of the board of directors of defendant. The plaintiff prays that the defendant, R. M. Jackson, treasurer, may be enjoined from paying over to the defendant any taxes levied upon the lands in the petition described, and that said order of the county superintendent may be decreed to be null and void, and of no force to detach said lands from plaintiff's boundaries. The defendant, amongst other defenses, sets up and relies upon a legalizing act of the legislature, approved March 17, 1882. The court entered a decree dismissing the plaintiff's petition, and plaintiff appeals.

*Deacon & Smith*, for appellant.

*Mills & Keeler*, for appelee.

DAY, CH. J.—I.  The order of the county superintendent, detaching the territory in question from the plaintiff and at-. taching it to the defendant, purports to be made by virtue of authority vested in the county superinten- dent by a decision of this court in the case of *Eason et al. v. Douglass et al.*, 55 Iowa, 390.  This case simply expresses the opinion that the county superin- tendent may change the boundaries of independent districts under the joint provisions of sections 1797 and 1806 of the Code.  Section 1797 of the Code provides that in cases where, by reason of streams or other natural obstacles, any portion of the inhabitants of any school district cannot, in the opinion of the county sperintendent, with reasonable facility enjoy the advantages of any school in their township, he may, with the consent of the board of directors of such district as may be affected thereby, attach such part of said township to an adjoining township.  Section 1806 of the Code provides that independent districts shall be governed by the laws enacted for the regulation of district townships, so far as the same may be applicable.  It follows that, if the county superinten- dent has jurisdiction over the change of boundaries of an inde- pendent district, two things are essential to the exercise of that jurisdiction, namely: the existence of streams or other natural obstacles, in the opinion of the county superintendent depriv- ing a portion of the inhabitants from enjoying the advantages of any school in their township with reasonable facility, and the consent of the directors of the district to be affected by the order.  It is conceded that the plaintiff is the district af- fected by the order in question.  The evidence shows that the plaintiff's board of directors did not consent to the order of the county superintendent detaching the territory in ques- tion.  The evidence also shows that there were no streams or other natural obstacles, as contemplated in section 1797 of

*Margin note:* 1. SCHOOL dis-tricts : bound-aries : power of county su-perintendent to change.

DECEMBER TERM, 1883. 619

The Ind. Dist. of Union v. The Ind. Dist. of Cedar Rapids et al.

the Code. It follows that the order of the county superin-dent was without authority, and void.

II. The defendant, however, relies upon chapter 120 of the Nineteenth General Assembly, being an act to legalize the action of the county superintendent in ques-tion, approved March 17, 1882. The plaintiff insists that this act is unconstitutional. All of the objections to the act, except that which per-tains to the depriving plaintiff of the taxes of 1881, are met and fully answered in *State v. Squires*, 26 Iowa, 340. Following that case, we hold that, in so far as the order of the county superintendent simply attaches the terri-tory in question to the defendant, it was legalized by the cu-rative act above referred to. This case differs from *Ind. School Dist. v. City of Burlington*, 60 Iowa, 500. The effect of the act drawn in question in that case was to amend the charter of the city of Burlington. Section 30 of the constitution provides that the general assembly shall not pass local or special laws for the incorporation of cities and towns. In *Ex parte Pritz*, 9 Iowa, 30, it was held that this section of the constitution prohibits the enactment of special laws for the amendment of acts of incorporation al-ready in existence. It might well be that the legislature could not, by curing illegal acts already done, accomplish in-directly what it could not do directly. But the only inhibi-tion of the constitution upon the passage of such an act as that now in question is, that all laws shall be general, in all cases where a general law can be made applicable. Constitu-tion, Art. 3, § 30. That a general law could not be made appli-cable to the case now under consideration, was clearly shown in *State v. Squires, supra*. It is, therefore, no objection to this statute that it is a special law.

III. As to the right to collect the taxes levied upon the territory in question for the year 1881, a different question is presented. These taxes were assessed, and had become collectible, before the curative act in ques-tion was passed. We adopt the views and conclusions of

2. ——: change of bounda-ries : void order of county super-intendent : curative act of legislature: how far valid.

3. THE same as affecting taxes levied.

BECK, J., in *City of Dubuque v. The Illinois Central Railroad Company*, 39 Iowa, 56, that a municipal corporation acquires a vested right in taxes levied, of which it cannot constitutionally be deprived. It follows that the curative act in question cannot be allowed to act retrospectively, so as to deprive the plaintiff of the right, which existed when the law was passed, to collect the taxes levied upon the territory in question for the year 1881. A decree will be entered restraining the treasurer of Linn county from paying to the defendant the taxes collected upon the territory in question for the year 1881, and requiring the payment of such taxes to the plaintiff. The decree dismissing the plaintiff's petition, in so far as it asks that the order attaching the territory in question to defendant be annulled, is approved.

REVERSED.