W. O. JEFFREYS, *as County Superintendent of Public Instruction of Bourbon County, v.* SCHOOL DISTRICT No. 54, *in Bourbon County.*

### NO. 68.

1. SCHOOL DISTRICT, *Formation of—Appeal.* An appeal lies to the board of county commissioners from the order of the county superintendent refusing to form or to alter a school district.

2. ——— *Statute Construed.* The provisos to paragraph 5581 of the General Statutes of 1889 are intended to direct the different parties how to proceed if the superintendent decides to form or to alter a district so that the appeal may be taken and decided before the district shall be formed or altered, the officers elected, etc., as is provided in paragraphs 5571 and 5572 *id.*

MEMORANDUM.—Error from Bourbon district court; S. H. ALLEN, judge. Action by School District No. 54, in Bourbon county, against W. O. Jeffreys, as county superintendent of public instruction of Bourbon county. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed December 4, 1895, states the material facts.

*Humphrey & Hudson,* for plaintiff in error.

*A. A. Harris,* and *Henry E. Harris,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : This is an action for an injunction brought by School District No. 54 in Bourbon county against W. O. Jeffreys, as county superintendent of said county, to restrain him from proceeding with the formation of a school district from a part of the territory theretofore included within the limits of said district No. 54. Prior to the commencment of this action, a petition had been presented to said superintendent by the persons interested, asking him to form a new school district from such territory. He refused to form such district, and some of the parties who felt themselves aggrieved by such refusal appealed to the board of county commissioners. The said commissioners reversed his decision and ordered him to form such district. He was proceeding to do so when this action was brought to restrain him from so doing.

In the determination of this case but one question is raised, and only one question needs to be decided. Will an appeal lie from the refusal of the county superintendent to form a school district? If so, the authority therefor must be found in paragraph 5581 of the General Statutes of 1889, which reads as follows :

"If in the formation or alteration of or refusal to form or alter school districts any person or persons shall feel aggrieved, such person or persons may appeal to the board of county commissioners, who shall confer with the county superintendent, and their action shall be final : *Provided*, That notice of such appeal shall be served on the county superintendent within 10 days of the time of posting of the notices of the formation or alteration of such district ; such notice shall be in writing, and shall state fully the objections to the action of the county superintendent,

a copy of which shall be filed with the county clerk, and also with the clerks of all districts affected by such alteration: *And provided also*, That such appeal shall be heard and decided by a majority of the board of county commissioners at their next regular meeting; and if such appeal is not sustained by them, the county superintendent shall proceed to appoint the time and place for said first district meeting, which shall then proceed as by law required."

It is argued by the defendant in error that the provisos to said paragraph settle beyond question that the legislature did not intend to allow an appeal from a refusal to form or alter a school district. If this contention is correct, then a portion of said paragraph must be of no force and effect. The words "or refusal to form or alter" are surplusage and inoperative. In fact, if this contention is correct, nearly all of said paragraph is useless and a repetition, except the provisos and the statement that the action of the commissioners is final. Paragraph 5571 provides that it is the duty of the county superintendent to change school districts when the interests of the inhabitants require it, after giving certain notices, and provides that any person interested may appeal to the board of county commissioners from the action of the county superintendent. To give force and effect to all these paragraphs, we must hold that an appeal lies from the action of the county superintendent either in forming or altering or in refusing to form or alter school districts, and that the provisos to paragraph 5581 *id.* are intended to direct the different parties how to proceed if the superintendent decides to form or alter a district, so that the appeal may be taken and decided before the district shall be formed, the officers thereof elected, etc., as is provided in paragraphs 5571 and 5572 *id.*

The judgment of the court below is reversed, and the case remanded, with instructions to the district court to refuse the injunction.

All the Judges concurring.