THE SCHOOL TOWNSHIP OF NEWTON, in the County of Jasper, State of Iowa, Appellant, v. THE INDEPENDENT SCHOOL DISTRICT OF THE CITY OF NEWTON, in the County of Jasper, State of Iowa, and WILLETT HOWARD, Treasurer of Jasper County, Iowa.

**Division of Districts:** JURISDICTIONAL FACTS: *County superintendent.* Under Code, section 2791, providing that a county superintendent of schools may divide a school district where there are streams or other natural obstacles of such character that a portion of the inhabitants cannot, with reasonable facility, attend school in their own corporation, a division made on petition which does not allege the existence of such obstacles, and where in fact no such obstacles exist, is invalid.

*Appeal from Jasper District Court.*—HON. A. R. DEWEY, Judge.

FRIDAY, DECEMBER 15, 1899.

THE petition, in substance, alleged that in December, 1897, the board of directors of the defendant, on petition of certain residents on territory described, and situated within the limits of the plaintiff district, so to do, unanimously admitted such territory and made it a part of the defendant district, and that on presentation of the transcript of such proceedings it was endorsed as approved by the county superintendent of schools; that defendant, with said superintendent, has so detached said territory, and it has been assessed as part of the defendant district, and, unless restrained, the county treasurer will pay the taxes, when collected, over to the treasurer of defendant; that the petition refered to did not show that there were or are natural obstacles of any kind preventing any scholar, residing within the territory described, from the enjoyment of reasonable facilities in attending school, nor did any such natural

obstacle in fact exist; and the plaintiff prayed the action of the defendant's board of directors and county superintendent be held for naught, and that the county treasurer pay the taxes collected over to the plaintiff. A temporary writ of injunction was granted, and afterwards a demurrer to the petition was sustained. The grounds thereof were, in substance, that the court was without jurisdiction, the remedy being by appeal to the state superintendent of public instruction, and application for writ of injunction was not the proper remedy. As the plaintiff failed to further plead, the petition was dismissed, and it appeals.— *Reversed.*

*H. S. Winslow* for appellant.

*E. C. Ogg* and *A. M. Harrah* for appellee.

LADD, J. This case is ruled by *Independent Dist. of Union v. Independent Dist. of Cedar Rapids,* 62 Iowa, 616, where it was held that, in the absence of any streams or other natural obstacles, as contemplated in section 1797 of the Code of 1873, the county superintendent was without jurisdiction to change the boundaries of school districts. Section 2791 of the Code differs from the former statute only in dispensing with the consent of the district from which any territory is taken. Where no natural obstacles exist, there is nothing on which the county superintendent may base an order. He is not called upon to act if the way to the school is not impeded, and is without jurisdiction. It is only when these obstacles actually exist that the statute authorizes him to exercise judgment in saying whether they are of such character that "any portion of the inhabitants * * * cannot, with reasonable facility, attend school in their own corporation." In that event, the courts will not interfere, and any abuse of discretion must be remedied on appeal. *Bogaard v. Independent Dist.,* 93 *Iowa,* 272. It seems needless to add that, where the county superintendent acts without jurisdiction, this cannot be con-

ferred on the state superintendent by appeal. Under such circumstances, resort may be had to the courts. *Burkhead v. School Dist.,* 107 Iowa, 29. This is not an action to test jurisdiction, but to prevent the threatened execution of a void order. We discover no reason for not adhering to the law as laid down in the first cited case, and the judgment of the district court is therefore REVERSED.

GRANGER, J., not sitting.