BOARD OF COM'RS OF GARFIELD COUNTY v. WORRELL.

No. 3747. Opinion Filed August 20, 1912.

(126 Pac. 785.)

**SCHOOLS AND SCHOOL DISTRICTS—Officers—County Superintendent —Review of Decisions.** By virtue of section 1, c. 107, p. 202, Sess. Laws 1910, and section 8 of article 1, c. 33, Sess. Laws 1905 (section 8176, Comp. Laws 1909), a county superintendent is granted the power to change consolidated school districts in his county when the interests of the people thereof may require it by making them to conform to existing topographical or physical conditions.

   (a) An appeal lies from the action of such county superintendent to the board of county commissioners.

(Syllabus by the Court.)

*Error from Superior Court, Garfield County;*
*Dan Huett, Judge.*

Application by L. F. Worrell for writ of prohibition to the board of county commissioners of Garfield county. From a certificate granting the writ, the commissioners bring error. Reversed.

*C. N. Harmon* and *Garber & Kruse,* for plaintiff in error.

*H. J. Sturgis* and *McKeever & Walker,* for defendant in error.

WILLIAMS, J. Act March 10, 1905 (Sess. Laws 1905, c. 33, art. 1, pp. 358, 362), provides for the formation of consolidated school districts by the voluntary disorganization and consolidation of adjacent school districts, the establishment of consolidated schools in which certain branches shall be taught, the

transportation of pupils to and from school, and the disposition of the property and indebtedness of the said disorganized districts. The act was amended by act of the first Legislature of the state. Sess. Laws 1907-08, p. 670; section 8169, Comp. Laws 1909. Section 8 of said act (chapter 33, art. 1, Sess. Laws 1905; section 8176, Comp. Laws 1909) provides:

"In all matters relating to consolidated school districts, not provided for in this act, the law relating to school districts shall be· in force where said laws are applicable."

In May, 1911, the county superintendent of Garfield county declared school districts numbered 1, 2, 23, and 24 in said county disorganized, and formed consolidated district No. 2 out of said disorganized districts. On July 10, 1911, a petition signed by 106 qualified electors of said consolidated district, the same being a majority of the electors of said district, was filed with the county superintendent of said county, requesting that the boundaries of said consolidated district be changed so as to form four school districts whose territory should conform to what was formerly school districts numbered 1, 2, 23, and 24. The required preliminary notice was also given. On August 1, 1911, a hearing on said petition being had, the county superintendent refused to grant the same. Within the time prescribed and required by law, notice of appeal from the action of the county superintendent to the board of county commissioners of said county was served, and said appeal was in all respects perfected. On August 8, 1911, whilst said county commissioners were proceeding to hear and determine said appeal, a preliminary order prohibiting said board from acting in the premises or assuming jurisdiction of said appeal, having been issued out of the superior court of said county, was served upon said board and the further hearing of said appeal was discontinued. On January 23, 1911, the proceedings out of which said preliminary writ of prohibition was issued from the superior court were dismissed. On February 9, 1912, the board of county commissioners was again proceeding to hear and determine said appeal, when a second preliminary order of prohibition, issued out of said superior court, was served upon said

board. On March 16, 1912, said preliminary writ of prohibition was made permanent.

In *Felkner v. Winningham et al., ante,* 122 Pac. 534, this court held that, where there was no specific provision relating to consolidated school districts, provisions relating to school districts should apply where not inapplicable, and that section 8080, Comp. Laws 1909, which relates to the formation of school districts lying partly in two or more counties, by said section 8176, *supra,* applied to cases for the formation of consolidated school districts where such districts proposed to be consolidated lay in two or more counties. Section 8050, Comp. Laws 1909 (section 5767, St. Okla. 1893, as amended by act of the Legislature of Oklahoma Territory [Laws 1895, p. 240], provides that if in the formation or alteration of or refusal to form or alter school districts, any person or persons shall feel aggrieved, such person or persons may appeal to the board of county commissioners. An identical statute was construed by the Supreme Court of Kansas in *Jeffreys, County Superintendent, v. School Dist. No. 54 in Bourbon County,* 3 Kan. App. 154, 42 Pac. 830, where it was held that an appeal in an action from the decision of the county superintendent to the board of county commissioners would lie. In *School District No. 17 of Garfield County et al. v. Zediker et al.,* 4 Okla. 599, 47 Pac. 482, such statute was sustained, and it was held that such power might be exercised by the county superintendent. See, also, *School Dist. v. Turner,* 13 Okla. 71, 73 Pac. 952; *Stewart v. Adams,* 50 Kan. 560, 32 Pac. 122; *Kellogg v. School Dist.,* 13 Okla. 285, 74 Pac. 110; *Bourland v. Snyder,* 224 Ill. 478, 79 N. E. 568.

Section 8171 provides for the officers of a consolidated school district board, to wit, director, clerk, and treasurer. Section 8172 prescribes that the powers and duties of such board in such consolidated district shall be the same as those provided by law for school district boards and their several officers. Section 8175 provides:

"The annual meeting of said consolidated district shall be held on the same date as fixed by law for holding the annual school meetings of each year at the schoolhouse belonging to

said district, at 2 o'clock p. m., and they shall have such powers and duties as are by law provided for annual school district meetings."

Section 1, c. 107, Sess. Laws 1910, amending the act of 1897 (Laws 1897, c. 34, art. 5, sec. 1), clearly vests the authority in the county superintendent to divide the county into a convenient number of school districts and to change such districts when the interests of the people may require it by making them to conform to the existing topographical and physical conditions, with the proviso that no district shall be changed under said act except upon petition to the county superintendent signed by at least one-third of the qualified electors of any district desired to be changed, and with the further proviso that one-fourth of the qualified electors of any district affected by such change may join in an appeal to the board of county commissioners from the action of the county superintendent; and with the further proviso that such appeal shall be heard by a majority of the members of the board of county commissioners at their next regular meeting. The case of *Board of Education of the City of Pond Creek v. Boyer,* 5 Okla. 225, 47 Pac. 1090, is not against the conclusion herein reached, as that applies only to separate school districts of cities of the first class, and rests upon the wording of the statute. In order for the county superintendent to be authorized to change the consolidated district as petitioned, such authority must have been granted to him by some act of the Legislature.

Section 8176, *supra,* having provided that in all matters relating to consolidated school districts not otherwise provided by law the law relating to school districts shall be in force where such laws are applicable, the question arises as to whether this does not make such grant of power in cases of consolidated districts to the county superintendent. Sections 8169 and 8170, Comp. Laws 1909, provide for the formation of consolidated school districts, but contain no provision for the changing of such districts. Section 1 of chapter 107, *supra* (Act of March 26, 1910), provides for the formation of school districts in a county, and further provides for the changing of said districts when the interests of the people may require it. That part of said section

that provides for dividing the county into a convenient number of school districts is inapplicable to consolidated school districts for sections 8169 and 8170, *supra,* contain specific provision as to the formation of consolidated school districts. No specific provision having been enacted by the Legislature relative to the changing of said districts, that portion of section 1 of the act of March 26, 1910, *supra,* providing for the changing of such districts, appears to be applicable, and under the same application as was made in *Felkner v. Winningham, supra,* the county superintendent has the authority to change such consolidated school district, with the limitations as are provided by law. See, also, *Newton v. Independent School District of Montrose,* 109 Iowa, 671, 80 N. W. 316; *Union v. Ind. School Dist. of Cedar Rapids,* 62 Iowa, 616, 17 N. W. 895; *Easton v. Douglas,* 55 Iowa, 390, 7 N. W. 643.

The question as to whether prohibition was an available remedy is not passed on, neither party raising same, nor is it essential to do so in order to dispose of this case. It follows, also, that the procedure therein provided would also apply, and that an appeal would lie to the board of county commissioners, and that it was error to issue the writ of prohibition.

TURNER, C. J., and HAYES and KANE, JJ., concur; DUNN, J., absent, and not participating.