## EVINGER v. DUKE, *County Superintendent.*

No. 4151.  Opinion Filed February 4, 1913.

Publication Withheld Until June 9, 1914.

(130 Pac. 147.)

**SCHOOLS AND SCHOOL DISTRICTS—Change of Boundaries.** Syllabus same as first paragraph of syllabus in **Board of Com'rs of Garfield Co. v. Worrell**, 33 Okla. 390, 126 Pac. 785.

(Syllabus by the Court.)

*Error from District Court, Kay County;*
*Wm. Bowles, Judge.*

Action by C. F. Evinger against E. A. Duke, County Super-
intendent. Judgment for defendant, and plaintiff brings error.
Affirmed.

*Sam K. Sullivan* and *H. S. Braucht,* for plaintiff in error.

*J. F. King,* for defendant in error.

HAYES, C. J.   Plaintiff in error, on behalf of himself and
others similarly situated, brought this action in the court below
to obtain an injunction against defendant in error as the county
superintendent of Kay county, enjoining him from changing the
boundaries of consolidated school district No. 1 of Kay county.
Plaintiff is a resident and taxpayer of said consolidated school
district No. 1, and a patron of said school.   On the 26th day of
June, 1909, common school districts Nos. 49, 50, and 51 of Kay
county were, as is by statute provided, organized into consolidated
school district No. 1.   After the organization of said consolidated
school district, a petition was filed with the county superintendent,
asking that he change the boundaries of same so as to release
certain territory formerly known as school district No. 51, and
to form such territory into a school district.   It is alleged that
the defendant has given notice that on a day fixed he will take
action upon the application for detaching said territory from con-
solidated school district No. 1, and that he has openly declared
his intention of sustaining the application and of detaching said
territory and reorganizing the same into the school district here-
tofore known as school district No. 51.   Plaintiff alleges that,
if the aforesaid acts threatened by the defendant as county super-
intendent are done, they will work great and irreparable injuries
to him and others similarly situated, and that they have no ade-
quate remedy at law.   The trial court granted a temporary in-
junction in conformity with the prayer of plaintiff's petition,
which was thereafter, upon motion, dissolved; and it is from the
order dissolving the temporary injunction that this appeal is
prosecuted.

We may lay aside all questions raised by this appeal, except
the one that challenges the power of the county superintendent,
after a consolidated school district has been established under

the provisions of the statute, thereafter to alter or change the boundaries of said district by detaching territory therefrom for the purpose of attaching it to other school districts, or for the formation of a separate or new district. This question was considered and determined in *Board of County Com'rs of Garfield County v. Worrell*, 33 Okla. 390, 126 Pac. 785, where it was held that by virtue of section 1, c. 107, p. 202, Sess. Laws 1910, and section 8, c. 33, art. 1, Sess. Laws 1905 (section 8176, Comp. Laws 1909), a county superintendent is granted power to change the boundaries of consolidated school districts in his county when the interests of the people thereof may require it by making them conform to existing topographical or physical conditions. Counsel for plaintiff have in an able and thorough brief contended that no such authority is conferred by the statutes upon county superintendents, and their position is not entirely without reason and authority to support it; but, after giving all of their argument careful consideration, we are not convinced that our former conclusion is incorrect.

The proposition involved is solely a question of statutory construction. If the statute as construed by this court in *Board of County Com'rs of Garfield County v. Worrell, supra,* does not in the minds of the Legislature sufficiently meet the demands of the public in the organization, maintenance, and alteration of consolidated school districts, that body is now in session and the defects of the statute as construed can be remedied by additional legislation.

The judgment of the trial court is affirmed.

All the Justices concur.