**DORVAGE, County Superintendent of Public Instruction, et al. v. CONSOLIDATED SCHOOL DIST. NO. 3 OF GRANT COUNTY.**

No. 8808—Opinion Filed July 30, 1918.

Rehearing Denied Sept. 5, 1918.

(174 Pac. 575.)

1. **Schools and School Districts—Consolidated School District—Change of Boundaries—Repeal.**

Under the provisions of section 7701, Revised Laws 1910, and section 8, c. 219, Session Laws 1913, the county superintendent of public instruction has the authority upon proper petition and notice to change the boundaries of a consolidated school district or transfer a portion of the territory therefrom to another district to make the same conform to the best interests of the people and to the existing topographical or physical condition, and section 1, c. 202, p. 334, Session Laws 1915, does not repeal said provisions.

2. **Prohibition—When Writ Lies—Change of School Boundaries.**

When the county superintendent of public instruction upon proper notice and showing has taken action therein and an appeal has been taken to the board of county commissioners, as provided by law, the district court is without authority to issue a writ of prohibition prohibiting the county superintendent of public instruction and board of county commissioners from acting in the premises.

(Syllabus by Pryor, C.)

Error from District Court, Grant County; W. M. Bowles, Judge.

Action by the Consolidated School District No. 3 of Grant County against Low Dorvage, County Superintendent of Public Instruction of Grant County, and others. Judgment for plaintiff, and defendants bring error. Reversed, with directions.

J. E. Falkenberg and E. H. Breeden, for plaintiffs in error.

Garber & Kruse, for defendant in error.

Opinion by PRYOR, C. This is an action commenced by the defendant in error Consolidated School District No. 3 of Grant county. Okla.. against the superintendent of public instruction and board of county commissioners of said county, to prohibit the plaintiffs in error from detaching certain territory from the said consolidated school district No. 3 and attaching it to an adjacent common school district No. 68. The application for prohibition was submitted to the trial judge upon the stipulation that the an-

swer of the plaintiff in error the superintendent of public instruction stated the facts material to an adjudication of the controversy.

The only question involved in this cause is the authority of the superintendent of public instruction to change the boundaries of consolidated school districts and transferring a portion thereof to another school district when the interests of the people thereof require it, making the same conform to the existing topographical or physical condition. The questions involved in the controversy in this case have been decided by this court, and this court has held that upon proper procedure therefor the superintendent of public instruction may make changes of the nature sought to be made in this cause, and that the party aggrieved may appeal from the action of the superintendent of public instruction to the board of county commissioners. Board of Com'rs v. Worrel, 33 Okla 390, 126 Pac. 785; Evinger v. Duke, 43 Okla. 79, 130 Pac. 147.

The record discloses that the transfer of the territory from said district sought to be detached will not violate any of the limitations imposed by the statute as to the requirements of territorial extent, population, and assessable valuation, and that after the transfer is made the school district will still possess all these requirements, and does not work a dissolution of the district as contended by the defendant in error; but it is the contention of the defendant in error that the statute, as construed by this court in the above cases, which is section 7701, Revised Laws 1910:

"It shall be the duty of the county superintendent of public instruction to divide the county into a convenient number of school districts and to change such districts when the interests of the people may require it, by making them conform to existing topographical or physical conditions, but only after twenty days' notice thereof, by written notice posted in at least five public places in the district or districts so affected. * * * No district shall be changed under the provisions of this section, except upon a petition to the county superintendent [of public instruction] signed by at least one-third of the qualified electors of the district petitioning for the change."

—was repealed and substituted by section 1, c. 202, p. 409, Session Laws 1915, which is as follows: .

"The county superintendent of public instruction may, upon petition of one-half of the legal voters of any consolidated school district, call an election at some convenient place in said consolidated school district for

the purpose of voting on the question of whether such consolidated school district shall be dissolved. Notice of said election shall be given by having written or printed notices posted in at least five public places in such consolidated school district at least ten days prior to said election."

This section is confined strictly to the manner in which a consolidated district may be dissolved, and does not apply to nor affect the provisions providing for the change of the boundaries of school districts or for the transfer of territory from one school district to another, and does not repeal the provisions of the statute giving the superintendent of public instruction authority to change boundaries of school districts or transfer territory from one school district to another.

Section 8, art. 7, c. 219, Sess. Laws 1913, provides:

"In all matters relating to consolidated school districts, not provided for in the preceding sections, the law relating to school districts shall be in force where said laws are applicable."

This section of the law occupies the same relation to the school laws as a whole as it did at the time that this court held in Board of County Com'rs v. Worrell, and Evinger v. Duke, that this section made the provision for the transfer of territory and changes of boundaries of common school districts, and there is no subsequent legislative act which would make the provision of law relative to common school districts not applicable to consolidated school districts at the time that this change was sought to be made.

Just immediate to the passage of the section of the art above referred to by the Legislature of 1915, the court called the Legislature's attention to the defects in the law in the case of Evinger v. Duke, supra, in the following manner:

"If the statute, as construed by this court in Board of County Com'rs of Garfield County v. Worrell, supra, does not in the minds of the Legislature sufficiently meet the demands of the public in the organization, maintenance, and alteration of consolidated school districts, that body is now in session, and the defects of the statute as construed can be remedied by additional legislation."

In that case this court had under consideration the question that is involved in this case, the change of boundary and transfer of territory from a consolidated school district to another; and, notwithstanding the fact that the Legislature had its attention specifically called to the law in regard to changing the boundaries and transferring of portions

of territory from consolidated school districts, it passed the section which the defendant in error contends abrogated the authority of the superintendent to make such changes, without making any provision whatever for changing or limiting the authority of the superintendent to do so, and confined the language strictly to the manner of dissolving a consolidated district.

The distinction between dissolution and change of boundary and transfer of territory is so clear it does not call for any discussiom.

The superintendent of public instruction was acting within the scope of his authority and within his jurisdiction in the premises, and had made the order transferring said territory from which an appeal had been properly taken to the board of county commissioners, which was about to act on such appeal. The board of county commissioners had the authority and jurisdiction to hear the controversy and make determination thereof, and under the statute any person or persons aggrieved may appeal from the decision of the board to the district court. This was the proper procedure under the law, and the district court was without authority or jurisdiction to interfere with proceedings in the premises by prohibition.

The case should therefore be reversed, with directions to enter judgment for the plaintiffs in error dismissing the application for prohibition.

By the Court: It is so ordered.