**McCUTCHEON et al. v. BENNETT et al.**

No. 19780.  Opinion Filed Jan. 8, 1929.

Rehearing Denied June 4, 1929.

W. C. Austin, H. H. Hicks, and D. R. Rutherford, for plaintiffs in error.

Robinson & Oden and R. D Miller, for defendants in error.

HARRISON, J.  This was a proceeding for an injunction.  It was begun by plaintiffs in error, as resident taxpayers, against defendants in error, as the school board of union graded school district No. 11, in Harmon county.

It appears that said school district had previously been duly formed and organized and was composed of three common school districts, to wit, districts Nos. 85, 86, and 147.  That each of said common school districts owned certain school buildings, and this suit was to enjoin defendants in error from selling, removing, or molesting said school buildings.  The substance of the alleged grounds for an injunction was that no school site for said union graded school district had been legally selected by the voters within the territory comprising said district.  That a pretended election had been held, purporting to select a school site for such district, but said election and purported selection of a school site were illegal and

void, for the reason that the site purporting to have been selected was more than one-half mile from the geographical center of said union graded school district, and that said purported site had not received a majority of the legal votes cast at such pretended election. It appears that two sites had been voted upon at the aforesaid election, one the north site, within the one-half mile of the center of the district, and one the south site, more than a half mile from the center of the said district, the south site receiving a majority of the votes cast; but it was alleged that a number of illegal votes were cast for the south site, and that if such illegal votes had not been counted, the result of the election would have been the selection of the north site.

The issues were submitted to the court. the Hon. T. P. Clay, specially assigned judge, sitting.

At the close of plaintiffs' testimony, defendants demurred to the evidence as being insufficient to sustain the allegations in their petition and to entitle them to injunctive relief. The court sustained the demurrer and ordered the petition dismissed, and from said judgment and order overruling motion for new trial. plaintiffs have appealed to this court upon petition in error and case-made.

The issues formed by the pleadings below logically present two principal propositions decisive of the case, to wit:

(1) Whether it is mandatory upon union graded school districts, as distinguished from common school districts, "to select a school site not more than one-half mile from the geographical center of such union graded school district."

(2) Whether certain patrons of said school district who now are west of, or on the Texas side of the recently surveyed boundary line between Oklahoma and Texas, are still and will continue to be legal voters within said district until final determination of the correctness of such boundary line by the Supreme Court of the United States, wherein the correctness of such boundary line is pending. See Oklahoma v. Texas, 71 L. Ed. 555.

There are also one or more minor propositions, material to a determination of the case, involved in each of the foregoing major propositions.

The above primary or principal propositions will be passed upon in the order named.

First Proposition. Plaintiffs in error contend in their brief that subdivision 4 of section 10342, Comp. Stat. 1921, is applicable and mandatory in the selection of a school site for a union graded school district, the same as it is in the selection of a common school district, to wit (section 10342):

"The inhabitants qualified to vote at a school meeting lawfully assembled, shall have power: * * * Fourth. To designate by a vote a site for the district schoolhouse; provided, that the designation of a site for a district schoolhouse shall not be over one-half mile from the center of said district."

Plaintiffs in error contend that this is mandatory, and that the selection of a site more than one-half mile from the geographical center of a union graded school district is illegal and void. Plaintiffs cite several decisions from this court in support of such contention, to wit: Oklahoma Ry. Co. v. St. Joseph's Parochial School, 33 Okla. 755, 127 Pac. 1087; Miller v. Childers, 107 Okla. 57, 238 Pac. 204; Board of Ed. v. State, 26 Okla. 366, 109 Pac. 353; State ex rel. West v. Balzer et al., 43 Okla. 200, 141 Pac. 777; Griffin v. Thomas, 86 Okla. 70, 206 Pac. 604. Plaintiffs in error cite and quote at some length from some of the above decisions, and especially from 33 Okla., supra, 107 Okla. supra, 43 Okla., supra, and 86 Okla., supra, the underlying theory of which cases is that the provision in section 1, art. 13, of the Constitution, to wit:

"The Legislature shall establish and maintain a system of free public schools wherein all the children of the state may be educated"

—means that the Legislature shall maintain a uniform system; citing the above authorities in support of such contention, and arguing in effect that the maintenance of a uniform system means to afford equal and exactly the same facilities and conveniences to each school child in the state. This theory cannot be sustained for the following reasons: First. None of the above decisions deal with the exact question involved here, and they are therefore not controlling. Second. To carry out the theory contended for by plaintiffs in error and keep within constitutional rights and limitations, would be impossible for the reason that section 9, art. 10, of the Constitution, authorizes school districts to increase the annual tax rate for school purposes by a majority vote, provided the increase does not exceed ten mills on the dollar valuation, and section 10 of art. 10 authorizes school districts (and other municipal entities) to increase the tax rates for public building purposes by a majority vote, provided such increase does not

exceed five mills on the dollar of the assessed value of taxable property in such school district. By the foregoing provisions, school districts are vested with the constitutional right to increase their revenue for school purposes and school building purposes within constitutional limitations, hence it becomes obvious therefrom that the wealthier districts may, in the exercise of their constitutional rights, provide revenue for longer terms of school, better school buildings, and more convenient facilities than can the poorer districts, and this destroys the theory that a "uniform system" means that the same facilities and conveniences must be provided for every school child.

As to the contention that union graded school districts must select a site not more than one-half mile from the center of the district in order to afford uniform conveniences for all school children, the statute pertaining directly to union graded school districts provides:

Section 10491, O. St. 1921:

"No part of the statutes of Oklahoma shall be so construed as to prevent the location of the site for a schoolhouse in union graded school districts by a majority of the electors of said union graded school districts."

Plaintiffs in error contend that the fourth subdivision of section 10342, supra, controls, but the trial court held that section 10491, supra, controls. In so holding, the trial court was correct. The provision in section 10342, supra, pertains to "common school districts," while section 10491, supra, pertains especially to "union graded school districts." The language is too clear to admit any other interpretation, viz.:

"No part of the statutes of Oklahoma shall be so construed as to prevent the location of the site * * * by a majority of the electors of said union graded school districts."

Here is not only an express power granted to the majority, but an express inhibition against depriving the majority of the exercise of such power by an adverse construction of any part of the statutes.

Second Proposition. Under this proposition, plaintiffs in error contend that those patrons residing west of the state boundary line recently surveyed by order of the Supreme Court of the United States, are not now legal voters in the district, but the correctness of such line has not been finally determined, and until it is finally determined and made permanent by decree of the Supreme Court of the United States, such patrons are still residents of Oklahoma and of said district, and legal voters therein.

The trial court so held, and in our opinion such holding is correct.

It is also contended by plaintiffs in error that in a former judgment of the district court of said Harmon county, to wit, the judgment in cause No. 2176 in said court, it had been held that section 10342, supra, applied to union graded school districts, and that the selection of a site more than one-half mile from the center of the district was void, and that the judgment in said cause was still in effect and binding on said district at the time the election in question was held, and that therefore said election was void; but defendants in error contend that in said cause No. 2176 a motion for a new trial was filed in due time and that such motion was still pending when in a subsequent trial in cause No. 2196, in said court, the judgment, though making no express mention of the former order in No. 2176, had the effect of sustaining said motion for new trial and of setting aside said former order, and it appears from the record in the instant case, which was No. 2208 in the court below, viz., the district court of Harmon county, the journal entries in causes Nos. 2176 and 2196 were both submitted as evidence by agreement of parties and were both considered and the effect of same passed upon in the instant case.

We find no error in the holding of the trial court.

The judgment is affirmed.

BRANSON, C. J., and LESTER, CLARK, and HUNT, JJ., concur.

Note.—See "Schools and School Districts," 35 Cyc. p. 929, n. 56; p. 930, n. 65.